The Case was shortly this Chew the Defts. father in 1707 sold & conveied to the Pits, fa’r two parcels of Land cont’g by estimation 2520a’s be the same more or less And in the Deed of Conveiance were the usual Covenants in the case of purchase
Great part of the Land was recovered from the Pit. by an elder title
The Bill suggested that Chew after the Conveiance to the Pits. [115] fa’r gave to the Defts. (some of them his Sons & others married to his Dau’ters) considerable Estates & afterw’dsdied Insolvent And the End of the Bill was to have a discovery of the Estates given to the Defts. And that the same might be subjected to satisfie the Pit. the value of the Land he had lost
The Defts. by their Answ’rs insisted that the Estate given to them by their fa’r was so given before the Pit. was evicted & so not done with intent to defraud the Pit. And that the Conveiance from Chew being of 2520 a’s more or less the Pit. could have no right to a remedy for the deficiency nor unless evicted out of the whole
Two of the Defts. J. C. one of the Sons & Johnston who married one of the dau’ters also pretended by their Answ’rs that the Estate given to them was in consideration of Marriage of which some proofs were taken There were also Some proofs concerning the value of the Pits, loss & of the Estate given the Defts.
1. Point a strange one — common form of Deeds — words of course or at most intended to supply only little mistakes
In construction of Deeds Intention to govern What was contract & intent here
Grantor in cons, of ^.120 St. conveys two parcels of Land containing by Estim. 2520 a’s be the same more or less Coven’ts to Warrant premes & every part thereof — that he is seised in fee & has good right to convey — that Grantee shall quietly enjoy and that he will make further Assurance of all & singular before granted prem’es
This usual form & Cov’ts of purchase for va. cons. No instance that (more or less) must oblige purchasor to be satisfied with half he bought.
Here is a val. cons, equivalent to Land sold at time
Reasonable to suppose so much was agreed for
Manner of penning Cov’ts Shew intent further
If Cov’ts not intended to extend to quantity Would have been exception.
Pannel’s Deed to Chew Shews what Chew intended to purchase & the same he intended to sell
These Circumstances prove contract & intent More or less words of course added currento calamo can’t controul plain Agreement
If words were unusual something might be inferred
Notion new No Authority.
116] Universal concern to purchasors — ■ If but 100 a’s we must have been contented according to Doctrine of Deft.
Introductory of fraud
2. point. Whether the Estate given Defts. liable being before eviction 2 of Defts. J. C. & Johnston pretend to something of a cons, viz marriage It will be therefore'proper to consider 1. as voluntary Then the pretended cons.
As voluntary fraudulent & void ag’st Cred’rs.
By Common Law & old Stat. fraudulent Gifts to deceive Cred’rs void 13. Eliz 5 useful Stat. made [sic].
For this point see Free. Ch. 521. Case of Parslow & Weedon cited It should seem by that case that a voluntary disposition of lands even to a stranger is good ag’t a bond Cred’r Sed. 2. And Note it is sayed not to be within Stat. ag’t fraudulent devises w’ch is true. But still may be within Stat’s ag’t fraudulent corn’s ee also. Eg. Ab. 149. 7. S. C.
Preamble to this effect For avoiding & abolishing of feigned •covi-nous & fraudulent Feoffm’ts Gifts &c. devised to delay *B125 hinder or defraud Cred’rs & others of their just & lawful Actions Suits Debts Acco’ts Damages Penalties &c.
Enacts that every Feoffm’t Gift &c. by writing or otherwise made to or for any intent or purpose before declared or expressed shall (ag’st the person whose Action &c. are shall or might be any wise disturbed hind’red delaied or defrauded) be void &c. Any pretence colour or feigned cons, notwithstanding
Proviso not to extend to Gifts upon good cons. & bona fide
Act penned with Care & caution
Every voluntary Gift by Person in debt fraudulent within this Stat.
Law supposes so tho’ perhaps not done with direct intent to defraud
Cases Holcraft Di. 294. b. Marg. Fletcher & Lady Sedley 2. Vern. 490. Sr. Anth’o Bateman 1. Mod. 76.
Obj. Here is a Gift made before Pit. damnified
Q. then is whether this differs the Case I conceive not
Plain. 13. El. had in view Cases of this sort Words are to defraud Cred’rs & others of their Actions Suits Debts Damages &c.
In Pauncefort & Blunt cited in Twine 3. Co. 82. resolved it extends not only to Cred’rs but to all others who have cause of Action or Suit Penalty or Forfeiture
Sed Vide. Talbot.
Here we had cause of Action immediately upon Cov’t that he had a good title Such Actions not new here Washington & Wyat But if that was not the Case We are within the provision of the Act Words are “ Ag’st P.sons whose Actions &c. are shall or might be anyways delaied hind’red or defrauded
Now that we have cause of Action can’t be denied & our Action is hind’red & defrauded by these Conveiances
Suppose a Bond for paiment of Money at a future Day
Act always construed liberally
Pauncefort & Blunt before cited One Indicted of recusancy
[117] Doctrine on the other side encouragem’t to fraud Men will not be afraid to dispose of bad titles
General concern to purchasers
Law implies a Trust in Cases of this sort Twine 81
Consider now Case of J. C. & Johnston
*B126 Johnstons says upon a treaty of Marr. with the Grantors Dau’ter in 1723 he promised him as a portion 1000 a’s of Land & a Negro boy worth £.150. That he rec’ed some things which he mentions but not near the value
No proof of this promise but seems, contradicted by two Witnesses Nich’o & Eliz. Hawkins
Defts. Oath no Evidence Would not be so ag’st Grantor nor cons, a Cred’rs Impossible to prove negative viz. No such promise Circumstances alone are all that can be expected If Defts. Oath to prevail singly Act easily evaded Dangerous
Less reason here because Answ’r contradicted in other points.
He says he had only two Negros We prove by 3. Witn’s N. Hawkins Franklin & Graves that he had 3. & by Trible & Franklin that he had 220 a
J. C. says his fa’r being indebted to one Cary told him if he would help to pay that debt he would give him 335 a of Land & 4 Negro’s That -he paid £25. his fa’r in 1724 put him in pos’sion & in 1728 in cons, of H. B.s consenting to Defts. marr. his Dau’ter by Deed made same over & 2 Slaves more
No proof of this Money being paid which might easily be had
Discourse betw. Chew & H. B. proves Estate was given before marr. & before that discourse So could not be to induce H. B.s consent We have Deed. cons, only £8. & natural Affection Defts. Oath not to prevail ag’st this
But let us consider this in the strongest light for Defts. In one case fa’r gives his dau’ter a portion but no Settlem’t made In the other he gives his Son an Estate to procure a good match but no Settlem’t neither
It is Settlem’t only can make a val. cons, for then they are in nature of Purchasors Settlem’t after marr. not good ag’st Cred’rs Upton & Bassett Cro. El. 445. Cro. Ja. 158.
2 Bac. Abr. 608.
If this allowed easy for a man to cheat his Cred’rs
Marr. only val. cons, where Settl’mt
But there being no Settl’mt the marr. makes no difference but the Gifts are equally voluntary as if there was no marr. in the case
As to Johnston I say he has not proved any such promise on his marr. as he pretends Or if there was As he made no Settl’mt he is not to be considered as a Purchasor
*B127 As to J. C. he proves nothing of the money he pretends to have paid. Or if he did he could only be a Purchasor pro tanto. As to his marr. it is a meer farce to insist upon it But there is no proof the Est. [118] was given in Cons, of that Marr. The Deed of Conv’e proves it was upon another cons. viz. natural love & £8. & that ought to prevail before Defts. Oath If there was proof of the £.8. being paid he might be a Purchasor for so much But as the Deed contradicts his Ans’r as to the quantum paid & there is no proof of either in such an incertainty the Court must reject both as I hope they will
The rule laid down in Twine’s Case is that a Gift which defeats others sho’d be made on as high & val. cons, as the things which are thereby defeated are according to this rule nothing but money can be a val. cons, to defeat a debt And then the marriages are nothing to the purpose
If the Court is of Opinion that the Estate in the Deft.s hands ought to be subjected to the Pits demand It will be proper in the next place to see what the loss & damage of the Pit. is.
Upon the proofs by moderate computation it was estimated at two hundred & forty pounds
If the Court are not satisfied with the computation they must direct a trial at Law on a quantum damnificatus
The next thing to be considered is in what manner the Estate in the Defts. hands is to be made liable And I take it the course of Equity is to decree the Estate to be delivered up & sold to satisfie for the Grantees are considered meerly as Trustees as has been already observed
But if this shall be thought severe as the Defts. have settled upon the Lands we hope they shall be accountable for the full value now for if the Estate was in the hands of the Heir or Adm’or we sho’d recover according to that value
The first point was only spoke to by the Defts. Upon which A great majority of the Court were of Opinion that the Pit. ought not to be relieved as the Conveiance was of so much more or less unless the Pit. had been evicted out of the whole Which I think was a strange determination